IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Jordan Jackson, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | *(Jury Trial Demanded)* |
| Nissan Motor Corporation, Nissan Motor | ) | |
| Company Ltd, Nissan North America Inc., | ) | |
| Infiniti Motor Company Ltd, Ashimori | ) | |
| Industry Co., Ltd, Takata Corporation, Tk | ) | |
| Holdings Inc., Takata North American, | ) | |
| Inc., Takata Airbag Tort Compensation | ) | |
| Trust Fund, Highland Industries, Inc., Key | ) | |
| Safety Systems, Inc. dba Joyson Safety | ) | |
| Systems, | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, complaining of the Defendants above-named would respectfully show and

allege unto this Honorable Court as follows:

## NATURE OF ACTION

1.    This is an action asserting products liability, strict liability, negligence, gross negligence,

negligent entrustment, negligence per se, manufacturing defects, design defects, Magnum-

Moss Act violations, Shaken Faith Doctrine and breach of express and implied warranties.

## THE PARTIES

2.    Plaintiff, Jordan Jackson **(hereinafter "Plaintiff")** is a resident of County of Horry, State

of South Carolina and was a resident of said county at the time of the incident described

herein.

3.    Upon information and belief, Defendant Nissan Motor Corporation **(hereinafter**

**"Defendant NMC")** is a foreign corporation domiciled in a country other than the United

States of America.  Upon further information and belief, Defendant MMC's headquarters are located in Yokohama, Japan, with its principal place of business in Yokohama, Japan. MMC manufactures and sells motorcycles, automobiles and power products through its related subsidiaries and/or operating units, including but not limited to Nissan and Infiniti North American Operations and Nissan and Infiniti Motor of America, Inc., independent retail dealers, outlets and authorized dealerships.  At all relevant times to this action, MMC manufactured, distributed, sold, leased, and/or warranted the vehicles under the Nissan and Infiniti brand name throughout the United States. At all times relevant herein, Defendant MMC transacted and conducted substantial business by causing its products to be sold in South Carolina.

4.    Upon information and belief, Defendant Nissan Motor Company Ltd. **(hereinafter "Defendant NMC Ltd.")** is a foreign corporation domiciled in a country other than the United States of America.  Upon further information and belief, Defendant MMC's headquarters are located in Yokohama, Japan, with its principal place of business in Yokohama, Japan.  MMC manufactures and sells motorcycles, automobiles and power products through its related subsidiaries and/or operating units, including but not limited to Nissan and Infiniti North American Operations and Nissan and Infiniti Motor of America, Inc., independent retail dealers, outlets and authorized dealerships.  At all relevant times to this action, MMC manufactured, distributed, sold, leased, and/or warranted the vehicles under the Nissan and Infiniti brand name throughout the United States. At all times relevant herein, Defendant MMC transacted and conducted substantial business by causing its products to be sold in South Carolina.

5.  Upon information and belief, Defendant Infiniti Motor Company Ltd. **(hereinafter "Defendant IMC")** is a foreign corporation domiciled in a country other than the United States of America.  Upon further information and belief, Defendant MMC's headquarters are located in Yokohama, Japan, with its principal place of business in Yokohama, Japan. MMC manufactures and sells motorcycles, automobiles and power products through its related subsidiaries and/or operating units, including but not limited to Nissan and Infiniti North American Operations and Nissan and Infiniti Motor of America, Inc., independent retail dealers, outlets and authorized dealerships.  At all relevant times to this action, MMC manufactured, distributed, sold, leased, and/or warranted the vehicles under the Nissan and Infiniti brand name throughout the United States. At all times relevant herein, Defendant MMC transacted and conducted substantial business by causing its products to be sold in South Carolina.

6.  Upon information and belief, Defendant Nissan North America, Inc. **(hereinafter "Defendant NNA")** is a Delaware corporation and a subsidiary of NMC, headquartered in Franklin, Tennessee and oversees the sale, marketing, parts and customer service support of Nissan and Infiniti vehicles, including vehicles in the United States. At all relevant times, Defendant NNA acted as an authorized agent, representative, servant, employee, and/or alter ego of Defendant NMC while performing activities, including but not limited to advertising, marketing, warranties, selling vehicles, disseminating technical information, and monitoring Nissan and Infiniti vehicles in the United States. At all relevant times to this action, Defendant NNA manufactured, distributed, sold, leased, and/or warranted the vehicles under the Nissan and Infiniti brand name throughout the United States. At all times

relevant herein, Defendant NNA transacted and conducted substantial business by causing its products to be sold in South Carolina.

7. Upon information and belief, Defendant Ashimori Industry Co., Ltd. **(hereinafter "Defendant Ashimori")** is a foreign corporation domiciled in a country other than the United States of America. Upon further information and belief, Defendant Ashimori's headquarters and principal place of business are located in Japan. Defendant Ashimori is a specialized supplier of automotive safety systems in the business of designing, manufacturing, assembling, testing, promoting, advertising, distributing and selling vehicle restraint systems to various OEM's, including Nissan and Infiniti, including the airbag incorporated and used by Nissan and Infiniti in its airbag safety system in the subject vehicle. Additionally, Defendant Ashimori has been identified as manufacturing airbags in frontal airbag systems. At all times relevant herein, Defendant Ashimori regularly transacted and conducted substantial business in South Carolina by designing, manufacturing and selling airbags and airbag components to be used or consumed within South Carolina and deriving substantial revenue from such.

8. Upon information and belief, Defendant Takata Corporation **(hereinafter "Defendant Takata")** is a foreign corporation organized under the laws of Japan with its principal place of business at ARK Hills South Tower. Defendant Takata is a is a specialized supplier of automotive safety systems in the business of designing, manufacturing, assembling, testing, promoting, advertising, distributing and selling vehicle restraint systems to various OEM's, including Nissan and Infiniti, including the airbag incorporated and used by Nissan and Infiniti in its airbag safety system in the subject vehicle. At all relevant times herein, Defendant Takata regularly transacted and conducted substantial business in South

Carolina by designing, manufacturing and selling airbags and airbag components to be used or consumed within South Carolina and deriving substantial revenue from such through its subsidiary TK Holdings Inc.

9. Upon information and belief, Defendant TK North American Inc. **(hereinafter "Defendant TKNA")** is a Delaware corporation and subsidiary and/or operational unit of Defendant Takata with its headquarters and principal place of business in Auburn, Michigan. Defendant TKNA is a specialized supplier of automotive safety systems in the business of designing, manufacturing, assembling, testing, promoting, advertising, distributing and selling vehicle restraint systems to various OEM's, including Nissan and Infiniti, including the airbag incorporated and used by Nissan and Infiniti in its airbag safety system in the subject vehicle. At all relevant times herein, Defendant TKNA regularly transacted and conducted substantial business in South Carolina by designing, manufacturing and selling airbags and airbag components to be used or consumed within South Carolina and deriving substantial revenue from such.

10. Upon information and belief, Defendant TK Holdings Inc. **(hereinafter "Defendant TK")** is a Delaware corporation and subsidiary and/or operational unit of Defendant Takata with its headquarters and principal place of business in Michigan. Defendant TK is a subsidiary of Defendant Takata with headquarters located in Auburn, Michigan. Defendant TK is a specialized supplier of automotive safety systems in the business of designing, manufacturing, assembling, testing, promoting, advertising, distributing and selling vehicle restraint systems to various OEM's, including Nissan and Infiniti, including the airbag incorporated and used by Nissan and Infiniti in its airbag safety system in the subject vehicle. At all relevant times herein, Defendant TK regularly transacted and conducted

substantial business in South Carolina by designing, manufacturing and selling airbags and airbag components to be used or consumed within South Carolina and deriving substantial revenue from such.

11. Upon information and belief, Defendant Highland Industries, Inc. **(hereinafter "Defendant Highland")** is a Delaware corporation and subsidiary of Defendant Takata, headquartered in Greensboro, North Carolina, with its principal place of business sin Kernersville, North Carolina. Defendant Highland is a specialized supplier of automotive safety systems in the business of designing, manufacturing, assembling, testing, promoting, advertising, distributing and selling industrial and automotive textile product solutions, including airbag fabrics, to various OEM's, including Nissan and Infiniti, including the airbag incorporated and used by Nissan and Infiniti in its airbag safety system in the subject vehicle. Additionally, Defendant Highland has been identified as manufacturing airbags in frontal airbag systems. Defendant Highland is a vertically integrated company and manufactures component parts in its own facilities in the Unites States and then distributes the same. At all times relevant herein, Defendant Highland regularly transacted and conducted substantial business in South Carolina by designing, manufacturing and selling airbags and airbag components to be used or consumed within South Carolina and deriving substantial revenue from such.

12. Upon information and belief, Defendant Takata Airbag Tort Compensation Trust Fund. **(hereinafter "Defendant Trust Fund")** is a statutory trust entity developed and controlled under the laws of Delaware.

13. Upon information and belief, Defendant Key Safety Systems, Inc. d/b/a Joyson Safety Systems **(hereinafter "Defendant JSS")** is a foreign corporation incorporated under the

laws of Delaware with headquarters located in Auburn, Michigan. Defendant JSS is a specialized supplier of automotive safety systems in the business of designing, manufacturing, assembling, testing, promoting, advertising, distributing and selling vehicle restraint systems to various OEM's, including Nissan and Infiniti, including the airbag incorporated and used by Nissan and Infiniti in its airbag safety system in the subject vehicle. Additionally, Defendant JSS has been identified as manufacturing airbags in frontal airbag systems. At all times relevant herein, Defendant JSS regularly transacted and conducted substantial business in South Carolina by designing, manufacturing and selling airbags and airbag components to be used or consumed within South Carolina and deriving substantial revenue from such.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2) (diversity jurisdiction).

15. Plaintiff's damages are in excess of Seventy-Five Thousand Dollars and 00/100 ($75,000.00), exclusive of costs and interest.

16. Venue lies in this District pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Upon information and belief, Defendants purposely availed themselves by regularly transacting business in South Carolina, contracting to supply services of things in South Carolina, by causing tortious injury to Plaintiff in South Carolina through the ordinary course of business, by deriving substantial revenue from goods used or consumed within South Carolina. Therefore, Defendants are subject to personal jurisdiction in this District under South Carolina's Long Arm Statute § 36-2-802, South Carol South Carolina's Long Arm Statute

§ 36-2-803 and the Due Process Clause of the Fifth and Fourteenth amendments to the constitution of the United States.

17. This action involves injuries sustained by Plaintiff due to Defendants dissemination of defective products and/or component parts and all Defendants acts of negligence. Furthermore, Plaintiff was involved in a motor vehicle accident that occurred upon a public roadway in the County of Horry, State of South Carolina.

## FACTUAL ALLEGATIONS

18. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

19. On or about June 18, 2024, Plaintiff was driving his 2007 Infiniti G35, traveling on New Road in Conway, South Carolina when a motor vehicle collision occurred.

20. The vehicles airbags failed to deploy upon the force of the impact.

21. Upon information and belief, Defendants manufactured, inspected, distributed and/or sold the 2007 Infiniti G35 and its component parts and placed the defective product into the stream of commerce where it was sold to Plaintiff.

22. Upon information and belief, when the products and/or component parts left the Defendant's control, they were defective and unreasonably dangerous to the user or consumer.

23. Upon information and belief, Defendants knew or should have known its products and/or its component parts were defective and in a dangerous condition when sold to Plaintiff.

24. Upon information and belief, Defendants manufactured and distributed their product and/or its component part in a defective condition.

25. Upon information and belief, Defendants failed to test their products and/or component

parts before selling or distributing them.

26. Upon information and belief, Defendants failed to adequately warn of the inherent dangers in their products and/or component parts.

27. As a direct and proximate result of the defective goods and/or component parts placed into the stream of commerce by Defendants, Plaintiff suffered permanent and debilitating injuries including, but not limited to bodily injury, resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish and loss of enjoyment of life.

28. Plaintiffs continue to suffer from pain and will likely continue to for the rest of their lives.

## FOR A FIRST CAUSE OF ACTION
### (Products liability/Strict liability as to All Defendants)

29. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

30. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged as if restated verbatim.

31. At all times relevant herein, there was in full force and effect certain statutes of the State of South Carolina pertaining to the Sellers of Defective Products as set forth in Section 15-73-10 South Carolina Code of Laws (1976, as amended).

32. Pursuant to S.C. Code § 15-73-10, Defendants are strictly liable for designing, manufacturing, distributing, selling, and/or placing defective and unreasonably dangerous products into the stream of commerce.

33. Upon information and belief, the vehicle and its airbag system was defective and unreasonably dangerous as to its design, manufacture, distribution and warnings, causing the vehicle to be in a defective condition that made it unreasonably dangerous for its intended use.

34. Upon information and belief, Defendants were engaged in the business of designing, testing, approving, manufacturing, marketing, distributing, selling and/or supplying products and/or component parts containing defective products to consumers.

35. Upon information and belief, when the products left Defendants' control the products and/or component parts were defectively designed and unreasonably dangerous to consumers and users of the products.

36. That Defendants placed products into the stream of commerce in a defective and unreasonably dangerous condition.

37. That Defendants knew or should have known of the defects and failed to warn Plaintiff of the defects.

38. That Defendants' products and component parts reached Plaintiff without substantial change to the condition.

39. Upon information and belief, Defendants' products and component parts were dangerous to an extent beyond what could have been contemplated by an ordinary consumer or user of the products.

40. Upon information and belief, the defects in Defendants' products and/or component parts rendered the product unreasonably dangerous and prevented the products from functioning properly.

41. That Plaintiff did not have knowledge of the defects. Furthermore, at all times relevant, the vehicle was being used in an intended and/or foreseeable manner when the collision occurred. Plaintiff neither misused nor materially altered the vehicle, and upon information and belief, the vehicle was in the same or substantially similar condition that it was in at the time of purchase.

42. Upon information and belief, Defendants were aware of feasible alternative designs which would have minimized or eliminated altogether the risk of injury posed by the vehicle and its airbag system.

43. Upon information and belief, Defendants had a duty to warn users of the dangers associated with the vehicle and its airbag system.

44. Upon information and belief, Defendants failed to warn of the inherent and latent defects that made this product dangerous and unsafe for its intended use.

45. Upon information and belief, Defendants failed to design, test, manufacture, inspect and/or sell a product that was safe for it intended use.

46. As a direct and proximate result of the Defendants negligence and breaches herein, Plaintiff has suffered serious and permanent injuries.

47. Plaintiff is informed and believes he is entitled to judgment against Defendants jointly and severally, for actual, compensatory and punitive damages in an amount as may be set and determined by the trier of fact or Court, whichever is appropriate in this matter.

## FOR A SECOND CAUSE OF ACTION
### (Failure to Warn/Inadequate Warning as to All Defendants)

48. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

49. Upon information and belief, Defendants manufactured and distributed products and/or component parts, placing them into the stream of commerce in a defective and unreasonably dangerous condition.

50. Upon information and belief, Defendants would have had no reason to believe users would realize his potential danger.

51. Upon information and belief, Defendants failed to adequately warn Plaintiff of dangers

associated with the defective products and/or component parts.

52. Upon information and belief, Defendants knew or should have known of the risk of injury caused by defective products and/or its component parts. Further, Defendants continued to promote its products as safe and effective.

53. Upon information and belief, Defendants affirmatively failed to exercise reasonable care tot inform users of the vehicle's dangerous condition created by the airbag system.

54. Upon information and belief, the defective warnings and inadequate labeling on Defendants products and/or component parts were substantial factors in bringing about Plaintiffs injuries.

55. As the direct and proximate cause of the defective condition of Defendants' products and/or component parts and Defendants failure to warn of the dangers possessed by the airbag system in the vehicle and the breaches contained herein, Plaintiff suffered severe and permanent injuries and damages.

56. Plaintiff is informed and believes he is entitled to judgment against Defendants, jointly and severally for actual, compensatory and punitive damages in an amount as may be set and determined by the trier of fact or Court, whichever is appropriate in this matter.

**<u>FOR A THIRD CAUSE OF ACTION</u>**
**(Negligence as to All Defendants)**

57. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

58. Upon information and belief, Defendants owed Plaintiff a duty to use reasonable care in the design, manufacturing, testing, marketing, labeling, distribution and sale of its products and/or component parts.

59. Upon information and belief, Defendants breached their duty to Plaintiff in any one or more of the following particulars:

  a. In manufacturing, designing, inspecting, testing, distributing, and/or selling products and/or component parts in a defective and unreasonably dangerous condition;

  b. In failing to adequately warn of the products' dangerous condition;

  c. In failing to recall the products to properly remedy the defect; and

  d. In negligently and/or with a reckless disregard for the safety of their products, designing, manufacturing, marketing, labeling, packaging and/or selling products and/or component parts with the intent and knowledge that defective products pose an unreasonable risk of harm to users including Plaintiffs.

60. Upon information and belief, Defendants knew or should have known of the dangers of defective products and/or component parts.

61. Upon information and belief, Defendants' actions and omissions are the direct and proximate cause of Plaintiffs' injuries.

62. Plaintiff suffered permanent and debilitating injuries including, but not limited to:

  a. bodily injury and any resulting pain and suffering, disability or physical impairment, disfigurement, mental anguish and loss of enjoyment of life; and

  b. the significant expense of hospitalization, medical and nursing care and treatment.

63. Plaintiff is informed and believes he is entitled to judgment against Defendants for actual damages in an amount as may be set and determined by the trier of fact or Court, whichever is appropriate in this matter.

## FOR A FOURTH CAUSE OF ACTION
### (Gross Negligence as to All Defendants)

64. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

65. Upon information and belief, Defendants owed Plaintiff a duty of care to Plaintiff to exercise reasonable care in the preparation and dissemination of Defendants' products and/or component parts.

49. Defendants consciously and voluntarily disregarded the need to use reasonable care. Defendants' failure to exercise due care is the actual and proximate cause of Plaintiff's injuries.

50. Plaintiff is informed and believes he is entitled to judgment against Defendants for actual and punitive damages in an amount as may be set and determined by the trier of fact or the Court, whichever jurisdiction is appropriate in this matter.

## FOR A FIFTH CAUSE OF ACTION
### (Breach of Implied Warranty of Merchantability as to All Defendants)

66. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

67. Upon information and belief, Defendants are and were "merchants" within the meaning of S.C. Code Ann. § 36-2-104.

68. Upon information and belief, Defendants are in the business of selling products and/or component parts. More specifically, said Defendants regularly distributed and sold products and/or components for Defendants such as the vehicle Plaintiff operated at the time of the accident.

69. Upon information and belief, Defendants impliedly warranted its products and/or

component parts were substantially free from defects and non-conformities and fit for the ordinary intended purpose. The Defendants impliedly warranted the vehicle was merchantable, including that it was fit for its ordinary purposes as a safe passenger vehicle and it could pass without objection in the trade, and that it was adequately contained, packaged and labeled.

70. Plaintiff did not have a reasonable opportunity to inspect the goods described herein.

71. Plaintiff reasonably relied upon the Defendants' implied warranty of merchantability.

72. Upon information and belief, Defendants' products and/or component parts failed to conform to the implied warranty of merchantability due to poor quality and the failure to be fit for the ordinary purpose for which the product in its entirety was used, as a safe passenger motor vehicle. Specifically, the vehicle's airbag system was unreasonably dangerous and defective.

73. Plaintiff reasonably relied upon the Defendants' implied warranty of merchantability.

74. Upon information and belief, Defendants' products and/or component parts failed to conform to the implied warranty of merchantability because the vehicle was not adequately contained, packages and labeling in that the directions and warnings accompanying the vehicle did not adequately instruct its oner of the proper use of the vehicle in light of the defective airbag system.

75. As a direct and proximate result of the Defendants' collective and respective breaches of implied warranty of merchantability, the Plaintiff suffered severe and permanent injuries and damages.

76. Plaintiff is informed and believe he is entitled to judgment against Defendants for actual, compensatory and punitive damages in an amount as may be set and determined by the

trier of fact or Court, whichever is appropriate in this matter.

## FOR A SIXTH CAUSE OF ACTION
### (Breach of Express Warranties as to All Defendants)

77.     Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

78.     Upon information and belief, the products and/or component parts manufactured, designed, distributed, marketed and sold by Defendants were expressly warranted to consumers and users of the products to be functional and safe.

79.     Upon information and belief, at the time the express warranties were made to Plaintiff, Defendants had knowledge of the foreseeable purpose the products were to be used.

80.     Upon further information and belief, Defendants warranted its products and/or component parts to be safe and effective.

81.     Upon information and belief, Defendants' products and component parts failed to conform to the express warranties made by Defendants to Plaintiff.

82.     As a direct and proximate result of the breach of express warranties by Defendants, Plaintiff suffered severe and permanent injuries and damages.

83.     Plaintiff is informed and believe he is entitled to a judgment against the Defendants for actual, compensatory and punitive damages in an amount as may be set and determined by the trier of fact of Court, whichever is appropriate in this matter.

## FOR A SEVENTH CAUSE OF ACTION
### (Magnuson-Moss Act Violation as to All Defendants)

84.     Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

85. Upon information and belief, Defendants violated the Magnuson-Moss Act in any one or more of the following ways:

   a. In failing to provide Plaintiff a vehicle free from defects;

   b. In failing to provide Plaintiff a vehicle that would pass without objection in the trade;

   c. In failing to provide the Plaintiff a vehicle of fair average quality for goods of that type;

   d. In failing to provide Plaintiff a vehicle fit for the ordinary purposes for which such vehicles are used;

   e. In failing to properly repair, replace or adjust known defects in the products and/or component parts; and

   f. In such particulars as may be learned during discovery or at the trial of this matter.

86. Defendants' violations of the Magnuson-Moss Act are the direct and proximate cause of Plaintiffs injuries.

87. Plaintiff is informed and believe he is entitled to a judgment against the Defendants for actual, compensatory and punitive damages in an amount as may be set and determined by the trier of fact of Court, whichever is appropriate in this matter.

**FOR AN EIGHTH CAUSE OF ACTION**
**(Shaken Faith Doctrine as to All Defendants)**

88. Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

89. Upon information and belief, the defect and/or nonconformity of the vehicle's airbags is serious enough to destroy any faith in the integrity and reliability of the vehicle as a whole.

90.    Plaintiff is informed and believe he is entitled to a judgment against the Defendants for actual, compensatory and punitive damages in an amount as may be set and determined by the trier of fact of Court, whichever is appropriate in this matter.

## FOR A NINTH CAUSE OF ACTION
### (Punitive Damages as to All Defendants)

91.    Each and every allegation contained in the preceding paragraphs is repeated and re-alleged herein as if restated verbatim.

92.    In addition to the general and special damages suffered by Plaintiff and directly and proximately caused by the Defendants' bad actions and inactions, Plaintiff, as a further result Defendants' reckless, willful, negligent and grossly negligent conduct, is entitled to recover punitive damages in accordance with the law and evidence in this case in an amount as may. Be set and determined by the trier of fact or Court, whichever is appropriate in this matter.

93.    The actions and inactions of the Defendants were of such a character as to constitute a pattern of practice of willful, wanton and reckless misconduct and caused serious and substantial harm to the Plaintiff, resulting in significant and ongoing damages arising from the issues in this Complaint.

94.    The Defendants have acted with such conscious and flagrant disregard for the rights and safety of the Plaintiff and/or have deliberately engaged in willful, wanton and reckless disregard for the life and safety of Plaintiff so as to entitle them to punitive damages in an amount sufficient to keep such wrongful conduct from being repeated.

95.    Plaintiff is informed and believe he is entitled to judgment against the Defendants for punitive damages in an amount as may be set and determined by the trier of fact or Court, whichever is appropriate in this matter.

**WHEREFORE,** the Plaintiff prays for the following relief:

    i.     Jury trial;

    ii.    Judgment for actual, compensatory and punitive damages against Defendants in an amount to be determined by the jury or Court;

    iii.   For Plaintiffs attorney fees;

    iv.   For the time and costs of the disbursement of this action; and

    v.    For such other and further relief as this Court deems necessary, just and proper.

RESPECTFULLY SUBMITTED this 5 June 2026, by,

RALPH WILSON LAW PC


 *s/Lauren K. Anderson*
Ralph J. Wilson, Jr. SC Bar No. 76716
Lauren K. Anderson, SC Bar No. 103728
1421 3rd Avenue
Conway, South Carolina 29526
PO Box 349 (29578)
P 843-488-1013  /  F 843-488-1014
attorney@ralphwilsonlaw.com
*Attorneys for Plaintiff*

Conway, South Carolina